Matthew M. Levy, J.
The parties in this personal injury action have stipulated, 1 ‘ pursuant to the Special Buie for Medical Examinations in Personal Injury Actions ”, for an examination of the physically injured plaintiff “ by a member of a panel of examining physicians designated by the New York Academy of Medicine as an orthopedist or for his particular qualification for the examination of alleged bone fractures * * * and that copies of the report of such examination be furnished to the undersigned [the attorneys for the respective parties] by the Clerk of the Medical Beport Office ”. On the basis of this stipulation — without more — an order is requested of the court to direct such an examination and distribution of the findings of the medical expert.
The special rule referred to was promulgated in 1952* on a tentative and experimental basis, in co-operation with the New York Academy of Medicine. (See Impartial Medical Testimony, A Beport by a Special Committee of the Association of the Bar of the City of New York on the Medical Expert Testimony Project [1956].) The project has now become, I think, a permanent facility of this court, in the never-ending search for the true administration of justice (see Botein-, J., Impartial Medical Testimony, N. Y. L. J., Jan. 31, 1956, p. 4, col. 1). The rule provides that “ [i]n any personal injury case in which, prior to the trial thereof, a justice shall be of the opinion that an examination of the injured person and a report thereon by an impartial medical expert would be of material aid to the just determination of the case, he may, after consultation with counsel for. the respective parties, order such examination and report, without cost to the parties, through the Medical Beport Office of the Supreme Court, New York County. The examination will be made by a member of a panel of examining physicians designated for their particular qualifications by the New York Academy of Medicine. Copies of the report of the examining physician will be made available by the clerk of the Medical Beport Office to all parties.” (Bronx County Supreme *1063 Court Rules, Special Rule for Medical Examinations in Personal Injury Actions.) It is further provided that if “ the ease proceeds to trial after such examination and report, either party may call the examining physician as a witness or the trial justice may, if he deems it desirable to do so, call the examining physician as a witness for the court, subject to questioning by any party, but without costs to any party.”
As I read the rule, it was not intended that the litigants would thereby be enabled in every case — whatever its basic merits or contested issues — to obtain a free medical examination, a free medical report, or a free expert medical witness. It is only when there has already been a physical examination by each of the parties of the injured person, and when there is substantial conflict in the medical findings or opinions, and when the facts as to liability and injury are presented to the court at pre-trial or at the trial — by way of the pleadings, bill of particulars, medical reports, opinions and other data — that the court should be called upon to come to “ the opinion that an examination of the injured person and a report thereon by an impartial medical expert would be of material aid to the just determination of the case ”, and, if of such opinion, to “ order such examination and report, without cost to the parties ”.
In other words, it is only where there is a likely battle of paid experts in the offing — and the case is otherwise appropriate— that the free impartial expert should be called in. The indiscriminate invoking of the machinery of this recent and hopeful experiment in judicial administration may result in abuses which could destroy its efficacy. Litigation should of course be made as inexpensive to the parties themselves as is possible; but the improper utilization of the necessarily limited funds and personnel available in the medical report office of this court would sanction a type of ‘ ‘ free loading ’ ’ which may cause deprivation to others more entitled to the opportunity to enjoy its helpful and beneficent facilities. Accordingly, the application for the present order is denied.

 The rule was first adopted for New York County in 1952, and was adopted for Bronx County in 1953.